1  PETER R. AFRASIABI (SB #193336)
   pafrasiabi@onellp.com
2  ONE LLP
   West Tower, Suite 1100
3  4000 MacArthur Blvd.
   Newport Beach, CA 92660
4  Telephone: (949) 502-2870
   Facsimile: (949) 258-5081
5
   KENNETH B. BLACK (SB #148026)
6  kbblack@stoel.com
   STOEL RIVES LLP
7  201 S Main Street, Suite 1100
   Salt Lake City, UT 84111
8  Telephone: (801) 328-3131
   Facsimile: (801) 578-6999
9
   Attorneys for Plaintiff Targus, Inc.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TARGUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EXACT DESIGN, INC., dba Poetic Cases and Accessories, dba Exact-Deal, dba You Love This Deal, dba Electronics-Deal; JIAYE CHENG; and DOES 1 through 25, <br><br> Defendants. | Case No. CV 11-4246 DSF (SHx) <br><br> PERMANENT INJUNCTION UPON CONSENT <br><br> Date: N/A <br> Time: N/A <br> Dept: N/A <br> Judge: Hon. Dale S. Fischer |

Plaintiff Targus, Inc. (hereinafter "Targus" or "Plaintiff"), having filed a Complaint in this action charging defendants Exact Design, Inc., dba Poetic Cases and Accessories, dba Exact-Deal, dba You Love This Deal, dba Electronics-Deal and Jiaye Cheng (hereinafter collectively referred to as "Defendants") with federal trademark infringement, false advertising and unfair competition, and the parties desiring to settle the controversy between them, and consenting thereto, it is

**HEREBY STIPULATED** as between the parties hereto, and based upon such stipulation, **ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1125, and 28 U.S.C. §§ 1331, 1338, and 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391. Service was properly made against Defendants.

2. Targus is the sole and exclusive distributor in the United States of the Versavu™ cover and stand for the Apple® iPad® 2 mobile digital device. The Versavu™ cover and stand includes design elements that are distinctive and serve to immediately distinguish it from other covers or stands in the industry. The distinctive elements of the Versavu™ cover and stand (the "Versavu Trade Dress") include, inter alia, (1) the dimensions and location of the "window" design element of the swivel mechanism that reveals the Apple logo; (2) the enhanced, colored, contrasting stitching that surrounds the cover and the swivel mechanism; (3) the distinctive nap and feel of the interior lining of the cover; (4) the molded plastic "grain" of the cover's hard-shell frame (that holds the iPad® device), which simulates leather; and (5) the combination of a dark exterior color and light interior color. The Versavu Trade Dress is valid, subsisting and has never been abandoned.

3. Plaintiff alleges that Defendants have manufactured, imported, advertised, promoted, distributed, offered for sale and sold cases, covers and stands for the iPad® 2 mobile digital device wrongfully bearing infringements of the Versavu Trade Dress, including but not limited to the "Poetic Swivelbook" case, as detailed in paragraphs 27 through 43 of the Complaint filed this action.

4. Defendants and their officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates and any and all persons and entities under Defendants' direction or control, or in active concert or

participation with any of them, agree to be enjoined and are immediately and permanently enjoined and restrained throughout the world from:

    A. Using any reproduction, counterfeit, copy or colorable imitation or designation confusingly similar to the Versavu Trade Dress or to identify any goods or the rendering of any services not authorized by Plaintiff;

    B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of Plaintiff's name and Plaintiff's Versavu Trade Dress;

    C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

    D. Further infringing Plaintiff's trademarks by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy, colorable imitation, or confusingly similar or substantially similar designation of Plaintiff's Versavu Trade Dress;

    E. Counterfeiting Plaintiff's Versavu Trade Dress by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation,

1                  reproduction, counterfeit, copy, colorable imitation, or
2                  confusingly similar or substantially similar designation of
3                  Plaintiff's Versavu Trade Dress;

      F. Using any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar or substantially similar designation of Plaintiff's Versavu Trade Dress in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Plaintiff;

      G. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products manufactured, distributed, sold or rented by Defendants is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

      H. Dealing in any goods and services that constitute counterfeits or infringements of any of Plaintiff's Versavu Trade Dress or that infringe or impair Plaintiff's rights in, or to use or to exploit, said trade dress, or constituting any dilution of Plaintiff's name, reputation or goodwill;

      I. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the manufacturing,

importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Versavu Trade Dress;

J. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs "A" through "I", above, including without limitation assisting, aiding or abetting any other person or business entity to engage in or perform any of the above-described acts.

5. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

6. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

7. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants, which shall be a final and binding order and resolve this action.

**IT IS SO ORDERED.**

Dated: July 22, 2011

_____

THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE